**Gordon S. LITTLE, Appellant,**

v.

**Clarence T. GLADDEN, Warden, Appellee.**

**No. 21240.**

United States Court of Appeals Ninth Circuit.

July 28, 1967.

David A. Rhoten, Salem, Or., for appellant.

Robert Y. Thornton, Atty. Gen., David H. Blunt, Deputy Atty. Gen., Salem, Or., for appellee.

Before HAMLEY, MERRILL, and ELY, Circuit Judges.

ELY, Circuit Judge:

Little appeals from the District Court's denial of his petition for a writ of habeas corpus. He is an Oregon state prisoner who, in 1943, entered pleas of guilty, before an Oregon state court, to charges of burglary and of knowingly uttering a forged check. For the two offenses, he received consecutive sentences of five and three years of confinement, respectively. Approximately one month later, on April 16, 1943, an information was filed by the district attorney of Marion County, Oregon, alleging that Little previously had been convicted of more than three other felonies. On July 3, 1943, after determination by a jury that Little had in fact been convicted of the previous crimes, and in attempted compliance with Oregon's habitual criminal statute, then O.C. L.A. §§ 26–2801 to 26–2804, the state trial judge found appellant "guilty of violation of the HABITUAL CRIMINAL ACT." For that "violation," the judge then imposed a sentence of life imprisonment in the Oregon State Penitentiary.

After the prison terms for burglary and uttering a forged check had expired, Little petitioned the Oregon Supreme Court for a writ of habeas corpus. On August 2, 1954, that tribunal granted the writ, holding that the life sentence was void for having been imposed as punishment for a non-existent crime. Little v. Gladden, 202 Or. 16, 273 P.2d 443 (1954). Issuance of the writ was stayed, however, to afford Oregon authorities the opportunity to seek imposition of a proper sentence which would technically comport with Oregon law. On August 30, 1954, after remand, the state trial court vacated the three year sentence originally imposed on the forged check conviction and sentenced Little to life imprisonment for that offense. It is this sentence which is here attacked.

Little contends that the procedure leading to imposition of this second life sentence, after the three year sentence had already been served, placed him twice in jeopardy for the forged check offense.

The argument must be rejected. When the allegations of the information filed by the district attorney were proved, it became the duty of the trial judge, under the habitual criminal statute then in force,[1] to vacate the sentence imposed on either the burglary conviction or the forged check conviction and to sentence appellant to life imprisonment for one of the crimes. The judge attempted to comply with the legislative mandate by ordering that Little serve a life sentence. His technical error was in the designation of the offense to which that sentence was attached. The order of August 30, 1954, did not increase the original sentence for the forged check conviction. In effect, it did no more than correct a mistake in specifying the offense for which the life sentence was imposed. It is apparent that Oregon's Supreme Court contemplated that this might be properly done under Oregon law. The procedure did not prejudice appellant in any way, and it deprived him of no rights secured by the federal constitution.

1. Under the present statute, O.R.S. § 168.085(3), life imprisonment is no longer mandatory. The former statute was repealed in 1947.

We do not reach questions which would be presented if the relevant habitual criminal statute had conferred an optional sentencing power upon the state judge.

In appellant's remaining contentions, we see no merit.[2]

Affirmed.

---

2. Among these is the contention that appellant was deprived of due process, in that his pleas of guilty to the burglary and forged check charges were induced by promises of the Oregon district attorney that no habitual criminal proceedings would be initiated. The district judge concluded, after hearing testimony on the matter, that no such promises were ever made. We find no basis for overturning that factual determination.